UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-1232 TLN DAD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On December 10, 2014, the court screened plaintiff's complaint and determined that service was appropriate on defendants Bell, Parsons, and Walls. On March 30, 2015, defendants filed a motion to dismiss the complaint. (ECF No. 18.) On April 14, 2015, defendants filed an ex parte application for stay of discovery. (ECF No. 19.) Defendants therein request that discovery be stayed in this matter until resolution of their motion to dismiss. In support of that request, defendants cite the decisions in Jarvis v. Regan, 833 F.3d 149, 155 (9th Cir. 1987) ("[S]ince the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss.") and Little v. City of Seattle, 863 F.2d 681. 685 (9th Cir. 1988) (holding that, as "discovery could not have affected the immunity decision," district court did not abuse its

discretion in staying discovery until it decided whether to grant summary judgment to defendant on the issues of qualified and absolute immunity from suit).  Counsel for defendants has also filed a supporting declaration in which she avers that, as of the filing of the ex parte application, plaintiff had served the defendants with seven sets of written discovery requests.  (ECF No. 19-1 at 1.)  Defense counsel also avers that she has "notified [plaintiff] of this request [for discovery stay] via U.S. mail."  (Id. at 2.)  As of April 29, 2015, plaintiff had not filed an opposition or otherwise responded to the application for stay.

Having reviewed defendants' motion to dismiss and the cases cited, the court concludes that a discovery stay is warranted in the present action.  Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that (i) the operative complaint fails to state a claim under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs, and (ii) defendants are entitled to qualified immunity.  It does not appear to the court that plaintiff requires discovery in order to address these contentions, a conclusion that is reinforced by the fact that plaintiff filed his opposition to the motion to dismiss on April 22, 2015.  (ECF No. 20.)  Nowhere in that opposition does plaintiff assert a need for discovery responses in order to satisfactorily respond to the dismissal motion.

For all of the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application for a stay of discovery (ECF No. 19) is granted.

2. Discovery will resume at such time as the court next orders defendants to file a responsive pleading herein.  The parties are cautioned that the period of time that has elapsed between service of any outstanding discovery requests and April 14, 2015, the date on which defendants filed their ex parte application for a discovery stay, will count against any deadlines for responding to discovery requests established in the Federal Rules of Civil Procedure, should the discovery stay be lifted.

Dated:  April 29, 2015

DAD:10
moor1232.disc.stay

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE