UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE, | No. 2:14-cv-1232 TLN KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| PRICE, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds against defendants Sergeant Parsons and Correctional Officers ("CO") Walls and Bell on plaintiff's Eighth Amendment medical indifference claim. On March 30, 2015, defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and seek qualified immunity. Plaintiff opposes the motion, and defendants filed a reply. For the following reasons, the undersigned partially grants defendants' motion to dismiss, but grants plaintiff leave to file a first amended complaint.

II. Legal Standard for Motion to Dismiss

    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

1

considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Plaintiff's Amended Complaint[1]

At all times relevant to this action, Plaintiff was a state prisoner housed at Deuel Vocational Institution ("DVI") in Tracy, California. Defendants were employed at DVI.

---

[1] Only those allegations in the complaint that were found to state a claim, as set forth in the court's December 10, 2014, screening order (ECF No. 11), are included here.

Plaintiff suffers from diabetes, glaucoma in his eyes, high blood pressure, and neuropathy nerve damage in his legs and feet. He is under direct medical care at DVI for hypoglycemia.

Plaintiff alleges that on July 25, 2012, defendants Sergeant Parsons and COs Walls and Bell transported him to the office of an external physician. "On [his] arrival to the doctor's office," plaintiff told defendants that he was suffering from a hypoglycemia episode (shaky, irritable, heart pounding, lightheaded, confused, sweating profusely, blurry vision, and hungry). After plaintiff explained his symptoms, he claims that the defendants made snide and joking remarks: CO Walls told plaintiff to "get [his] ass in the van, you are not going to die," and Sergeant Parsons mockingly asked plaintiff if he was drunk. When they later left the doctor's office, plaintiff accuses the defendants of stopping to eat a meal while plaintiff continued to suffer in the van. Plaintiff claims that when they eventually returned to DVI, he was rushed to the infirmary where a nurse immediately recognized his condition and gave him glucose.

"Subsequently," Plaintiff received eye surgery for his glaucoma to repair damage that he attributes to the defendants' conduct. Plaintiff asserts that he continues to experience eye problems, nerve damage, and numbness in his feet that affects his balance.

IV.  Defendants' Motion to Dismiss

    1.  Eighth Amendment Medical Indifference

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060.  In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Defendants contend that plaintiff fails to allege facts demonstrating that each defendant was aware that a substantial risk of harm existed and, despite such knowledge, acted in contravention of such risk.  They claim that plaintiff does not include any allegations suggesting that they knew or should have known that plaintiff was at risk for a hypoglycemic episode, and he further fails to include allegations linking the defendants' conduct to plaintiff's injury.  Plaintiff counters that his allegations are sufficient to state a claim since he alleges that he informed the defendants that he was suffering from a hypoglycemic episode, the defendants did not provide him food and instead mocked him, and consequently, plaintiff suffered injury.

The court agrees with defendants that, as plead, plaintiff's complaint does not state a claim.  Plaintiff's allegations establish that after arriving at the doctor's office (but before his appointment), he informed the defendants of his condition.  At that time, Defendants allegedly did

1  not provide food and instead mocked Plaintiff.  Plaintiff was then seen by the doctor.  After that
2  appointment, the defendants stopped to eat while plaintiff suffered in the van.  But missing from
3  plaintiff's allegations—and fatal to his claim here—is whether the defendants were aware that
4  plaintiff continued to suffer from any symptoms after his appointment with the doctor.  Without
5  any allegation that defendants were aware that plaintiff continued to suffer from symptoms
6  following his doctor's appointment, the court cannot find that defendants acted with sufficient
7  culpability when they stopped to eat on their return to DVI.
8       Moreover, defendants rightly assert that plaintiff's allegations of injury are simply too
9  speculative to state a claim.  Although plaintiff asserts that he received treatment immediately
10 upon his return to DVI, he claims that defendants' conduct "*may have cause[d]* me nerve, eye,
11 kidney, and blood vessel damage," Compl. ¶ 30 (emphasis added); he "*could have* went into a
12 diabetic coma," id. ¶ 37 (emphasis added); and that "subsequently" (but on an unspecified date),
13 he received eye surgery to repair the damage caused by the defendants, id. ¶ 44.  Plaintiff's
14 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...."
15 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).  Plaintiff has not
16 met that standard here.  Therefore, defendants' motion to dismiss will be granted.
17      Taking plaintiff's allegations as true, the court cannot find that it appears beyond doubt
18 that plaintiff can prove no set of facts in support of his claims which would entitle him to relief.
19 Plaintiff may be able to amend his pleading to demonstrate that at least one of these defendants
20 was aware of a substantial risk of harm to plaintiff, yet failed to take steps to prevent it.  Thus,
21 although defendants' motion to dismiss is granted, plaintiff is granted leave to file an amended
22 complaint.
23      2.  Qualified Immunity
24      "The doctrine of qualified immunity protects government officials 'from liability for civil
25 damages insofar as their conduct does not violate clearly established statutory or constitutional
26 rights of which a reasonable person would have known.'"  Mattos v. Agarano, 661 F.3d 433, 440
27 (9th Cir. 2011) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009) (additional citation
28 omitted)).  "Qualified immunity shields an officer from liability even if his or her action resulted

from a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. (citation and quotation marks omitted). "The purpose of qualified immunity is to strike a balance between the competing need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. (citation and quotation marks omitted).

In determining whether an official is entitled to qualified immunity, courts employ a two-pronged inquiry: first, did the state actor violate the plaintiff's constitutional right; if the answer to that question is "yes," courts must then determine whether the constitutional right was "clearly established in light of the specific context of the case" at the time of the events in question. Id. (citing Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) and Saucier v. Katz, 533 U.S. 194, 201 (2001)). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Lal v. California, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted), cert. denied, ––– U.S. ––––, 135 S. Ct. 455 (2014).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos, 661 F.3d at 442 (quoting Ashcroft v. al–Kidd, 563 U.S. 731 (2011); some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case[.]" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002) (citation and internal marks omitted).  In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their

1  conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent
2  must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of
3  Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al–Kidd, 131 S. Ct. at 2083). An official's
4  subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

Defendants also move for dismissal on qualified immunity grounds. Plaintiff did not address this argument. Because plaintiff is granted leave to amend, the court defers ruling on the issue of qualified immunity, and will deny the motion on such grounds without prejudice. Although defendants are not entitled to qualified immunity at this stage, the qualified immunity defense may be raised at a later time.

Accordingly, defendants' motion to dismiss is granted on the grounds that plaintiff failed to state a claim for deliberate indifference, but denied without prejudice on qualified immunity grounds. Plaintiff is granted leave to amend.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's first amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The first amended complaint must also bear the docket number assigned to this case and must be labeled "First Amended Complaint."

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 18) is partially granted, but plaintiff is granted leave to amend; and

7

   2. Plaintiff shall file a first amended complaint within thirty (30) days from the date of this order.

Dated: February 26, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor1232.mtd