UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MOORE,

Plaintiff,

v.

PRICE, et al.,

Defendants.

No. 2:14-cv-1232 TLN DB P

ORDER

## I. Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on plaintiff's first amended complaint against defendants Parsons, Bell and Walls for deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. Pending before the Court is plaintiff's July 14, 2016, motion to compel, which defendants oppose. Also pending is defendants' motion for leave to file a late opposition.

## II. Relevant Background

### A. Overview

Plaintiff initiated this action on May 20, 2014. On December 10, 2014, the Court screened the complaint and found service appropriate for defendants Parsons, Bell and Walls. ECF No. 10. On January 15, 2015, service was ordered. ECF No. 14.

On March 30, 2015, defendants filed a motion to dismiss. ECF No. 18. Two weeks later, on April 14, 2015, defendants filed an ex parte application for a stay of discovery pending resolution of their motion to dismiss. ECF No. 19. Defendants sought this stay in light of seven sets of written discovery requests served by plaintiff before they filed their motion to dismiss. The defendants' request was granted on April 30, 2015, and discovery was stayed pending resolution of defendants' motion to dismiss. ECF No. 21. The parties were cautioned, however, that the period of time that had lapsed between service of any outstanding discovery requests and April 14, 2015, the date on which the defendants filed their ex parte application for a discovery stay, would count against any deadlines for responding to discovery requests established in the Federal Rules of Civil Procedure once the discovery stay was lifted.

On February 26, 2016, defendants' motion to dismiss was granted in part, and plaintiff was granted leave to amend. ECF No. 27. Plaintiff filed the operative pleading on March 24, 2016, and defendants filed their answer on April 7, 2016. ECF No. 30, 32.

On May 16, 2016, a Discovery and Scheduling Order ("DSO") issued, setting July 29, 2016, as the discovery deadline. ECF No. 33. Per the DSO, "All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date." Id. at 5.

**B. Discovery Dispute**

Set One Discovery Requests

On April 15, 2015, prior to the entry of the discovery stay, plaintiff served on defendants a set of 25 interrogatories, a request for admissions ("RFA"), and a request for production of documents ("RPD") Nos. 1-5 (collectively, "Set One"). Pl.'s Mot. Compel ("MTC"), Ex. B, ECF No. 36.

After resolution of defendants' motion to dismiss and the filing of their answer on April 7, 2016, defense counsel sent plaintiff a letter on April 27, 2016, informing him that they were in the process of responding to the discovery plaintiff served prior to the stay. Decl. of Tiffany Johnson in Support of Opp'n to MTC¶ 2, Ex. A, ECF No. 37-1.

In response, plaintiff wrote to defense counsel on May 5, 2016, asking her to disregard "as

a good gesture" the Set One discovery requests since they were no longer relevant in light of the April 7, 2016, answer. MTC Ex. D, ECF No. 36-1 at 25. In this letter, plaintiff also referenced discovery requests (interrogatories and RPD) that he contends were mailed to defense counsel on April 22, 2016, but which was returned to him "torn open resealed and unanswered." Pl.'s Decl. in Supp. MTC ¶ 11, ECF No. 36 at 1-5. Plaintiff claims he re-served these requests with the May 5, 2016, letter. Pl.'s Decl. ¶ 9; Ex. B.

On May 10, 2016, defendants served responses to the Set One interrogatories and the RFA, and on June 6, 2016, defendants served responses to the RPD.Pl.'s Decl. ¶ 3, Ex. B.

Set Two Discovery Requests

On May 23, 2016, plaintiff served a second set of interrogatories Nos. 1-22 and re-served his initial RPD Nos. 1-5 (collectively, "Set Two").[1] Johnson Decl. Ex. C.

On June 6, 2016, defendants objected to all of the interrogatories as follows: "Defendant objects on the grounds that Plaintiff has exceeded the number of interrogatories pursuant to the FRCP." See Johnson Decl. Ex. D. Also on June 6, 2016, and as noted supra, defendants served their responses to the RPD. Id. Ex. B.

On June 21, 2016, defense counsel informed plaintiff via letter that plaintiff's May 5, 2016, request that defendants abandon the Set One discovery requests was received after the defendants had already prepared responses to them. Johnson Decl. Ex. F. Though defendants were not inclined to respond to the 22 additional interrogatories included in Set Two, counsel indicated that the defendants may be willing to answer "a few limited questions" beyond the 25-interrogatory limit set forth by the Federal Rules of Civil Procedure.

Set Three Discovery Requests

On June 20, 2016, plaintiff served a third set of discovery, which included RPD Nos. 1-7 ("Set Three"). See Johnson Decl. Ex. E.

On June 29, 2016, defense counsel objected to Set Three on the grounds that they were not served at least 60 days before the July 29, 2016, discovery deadline. Johnson Decl. Ex. G.

---

[1] Plaintiff labeled these requests as "Set One," which is a misnomer since his first set of discovery requests were served on April 15, 2015.

Insofar as plaintiff claimed that the documents previously served in response to the Set One RPD were illegible,defense counsel provided larger copies of those documents. See id.

Additional Requests

During the parties' meet and confer efforts, plaintiff sought additional information from defendants. In an undated letter to defense counsel, plaintiff asked for a copy of his June 23, 2016, deposition. Johnson Decl. Ex. H.

Then, on July 5, 2016, plaintiff sought the last named and California Department of Corrections and Rehabilitation ("CDCR") numbers of the inmates who were present on the transportation vehicle (this information was the basis of one of plaintiff's Set Two interrogatories). Johnson Decl. Ex. I.

Finally, on July 10, 2016, plaintiff sent defense counsel a letter asking why defendants did not respond to Set Two interrogatory Nos. 17-22. MTC Ex. L.

In response, defense counsel sent an email to the litigation coordinator at Deuel Vocational Institution requesting the names and CDCR numbers of the inmates who were on the van and any and all documents that may give instructions to officers as to their duties in the event an inmate falls ill during transport. Johnson Decl. ¶ 12. During the course of defense counsel's efforts to obtain additional information from plaintiff, notice was received that plaintiff filed this motion to compel. Nonetheless, defense counsel continued to search for information responsive to plaintiff's discovery requests. Id. Defense counsel has indicated that she would respond to plaintiff's Set Two interrogatories Nos. 17-22 by September 1, 2016. Id. ¶ 13, Ex. J. In his Reply, plaintiff admits that he received information regarding the names and CDCR numbers of the inmates in the van. Pl.'s Decl. in Supp. of Reply ¶ 13, Ex. A, ECF No. 41.

**III. Legal Standards**

Under Rule 26 of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

> benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

With respect to interrogatories, a party may propound interrogatories that "relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)." Fed. R. Civ. P. 33(a)(2). With respect to requests for production, a party may propound requests for production of documents that are "within the scope of Federal Rule of Civil Procedure 26(b)." Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

## IV. Discussion

Plaintiff now moves for an order (a) directing defendants to respond to his discovery requests, (b) extending the time for discovery, (c) increasing the number of interrogatories, and (d) imposing sanctions. Defendants oppose this motion.

### A. Defendants' Responses to Plaintiff's Interrogatories

The precise basis of plaintiff's motion is unclear. As the party bringing this motion, plaintiff bears the burden of informing the Court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant

and why defendant's objections are not justified.").

While plaintiff takes issue with defendants' objection to the Set Two interrogatories, the Court finds nothing improper under the facts presented. Pursuant to Federal Rule of Civil Procedure 33, a party is permitted to propound 25 written interrogatories without leave of court. Fed. R. Civ. P. 33(a)(1). In this case, plaintiff propounded two sets of interrogatories, one consisting of 25 interrogatories (Set One) and the other 22 interrogatories (Set Two). Defendants' responses to the Set One interrogatories Nos. 1-25 complied with their requirements under the Federal Rules, and plaintiff does not object to the substance of those responses. As for defendants' objection that the Set Two interrogatories exceeded the interrogatory limit, they are correct that they are under no obligation to respond to them. Defense counsel's offer to respond to additional interrogatories notwithstanding the 25-interrogatory limit was a professional courtesy and cannot be the subject of a motion to compel. Additionally, plaintiff's related request to increase the number of interrogatories will be denied. "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1); see also Fed. R. Civ. P. 26(b)(2)(A). Plaintiff presents no argument for the increased number of interrogatories.

Next, plaintiff suggests that defense counsel deliberately ignored his April 22, 2016, discovery requests. In support, he cites to evidence showing that he mailed the requests to counsel. But this evidence establishes only that he mailed the requests, not that defense counsel received them or that she, for one reason or another, chose to ignore them. Plaintiff's claims to the contrary are mere speculation.

Plaintiff also appears to argue that defendants' responses to the RPD were improper because the documents submitted were illegible. Counsel for defendants has submitted a declaration that she re-served the documents in a legible format, and plaintiff does not contend that these additional documents are deficient.

And finally, as to the Set Three discovery requests and his miscellaneous requests, defendants are correct that these requests are untimely. Per the DSO, the discovery deadline in this case was July 29, 2016, and discovery requests were to be served no later than 60 days before

that date—that is, on or before May 30, 2016. Defendants' timeliness objection is thus sustained.

For these reasons, plaintiff's motion to compel will be denied.

**B. Sanctions**

Plaintiff moves for sanctions on the ground that defense counsel employed stall tactics preventing him from obtaining relevant information.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983), citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In addition, Rule 37 provides for an award of monetary sanctions: if a party fails to obey a discovery order, the party may be required to "pay the reasonable expenses...caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Notably, "sanctions may be imposed even for negligent failure to provide discovery." Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1343 (9th Cir. 1985), citing Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir. 1985); Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir. 1978).

The Court is unconvinced that sanctions are warranted in this case. Not only have defendants' responses to plaintiff's numerous discovery requests been timely, but defense counsel has demonstrated her willingness to provide plaintiff with additional information as a professional courtesy, notwithstanding certain deficiencies. In the absence of any impropriety on counsel's part, plaintiff's request for sanctions will be denied.

**C. Modify Scheduling Order**

Lastly, plaintiff seeks a modification of the DSO to conduct additional discovery.

A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification, C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the

court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, plaintiff has not established good cause to modify the scheduling order. Plaintiff has served multiple, overlapping discovery requests in this case, and defendants have responded to each diligently and within their rights under the Federal Rules of Civil Procedure. Though plaintiff has demonstrated diligence, the good cause standard is not satisfied merely because he wants to conduct additional discovery. He has had ample opportunity, and defense counsel has been courteous in responding to requests that were otherwise improper. Plaintiff's request will therefore be denied.

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for extension of time (ECF No. 37) is GRANTED;
2. Defendants' opposition is deemed timely filed; and
3. Plaintiff's motion to compel, motion for sanctions, and motion to modify the scheduling order (ECF No. 36) is DENIED.

Dated: October 3, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;moor1232.mtc.v2