UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE, | No. 2:14-cv-1232 TLN DB |
| Plaintiff, | |
| v. | ORDER |
| PARSONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court is plaintiff's renewed motion to appoint counsel due to his medical impairments. (ECF No. 31.) For the reasons outlined below, the motion is denied without prejudice.

On December 9, 2014, then-Magistrate Judge Dale A. Drozd denied without prejudice plaintiff's first motion to appoint counsel. (ECF No. 10.) In that order, the court concluded that the lengthy, typewritten complaint stating potentially cognizable claims for relief against three defendants demonstrated plaintiff's ability to clearly articulate his claims on his own behalf. (Id. at 6.) The court further opined that plaintiff's cognizable Eighth Amendment claims appear to be relatively straight forward and that plaintiff has not represented that his complaint was prepared by someone other than himself and, even if it was, he does not state that the individual who

1 | assisted him in drafting the complaint is now unavailable to him.  (Id.)  The court allowed for
2 | plaintiff to renew the motion at a later stage of the litigation.

3 |      As plaintiff has been informed, the United States Supreme Court has ruled that district
4 | courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See
5 | Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
6 | circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
7 | 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,
8 | 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an
9 | evaluation of both the likelihood of success on the merits and the ability of the plaintiff to
10 | articulate his claims on his own in light of the complexity of the legal issues involved.  See
11 | Terrell, 935 F.2d at 1017.  Circumstances common to most prisoners, such as lack of legal
12 | education and limited law library access, do not establish exceptional circumstances that would
13 | warrant a request for voluntary assistance of counsel.

14 |      Plaintiff's renewed motion seeks counsel on the same grounds as his previous motion (i.e.,
15 | due to plaintiff's several documented medical impairments (see ECF No. 10 at 6)), plus it
16 | addresses some of the deficiencies pointed out by Judge Drozd in the court's previous order.
17 | Despite plaintiff's contention in the renewed motion though, the court must still deny the request.

18 |      The renewed motion and attached exhibits state that plaintiff's complaint and other filings
19 | in this case were prepared with the substantial assistance of three fellow inmates (plaintiff's
20 | "jailhouse lawyer inmates").  (ECF No. 31 at 3.)  Declarations attached to plaintiff's motion
21 | indicate that all three of plaintiff's jailhouse lawyers are unable to assist him anymore.  (Id.)
22 | Without his jailhouse lawyers, plaintiff contends that he is unable to navigate discovery issues,
23 | move his case forward, or acquire an expert witness that he believes is necessary for the
24 | prosecution of his case. (Id.)

25 |      Despite plaintiff's contentions in his motion, the present circumstances appear to be the
26 | same as they were when Judge Drozd denied the initial motion to appoint counsel.  First, while
27 | the renewed motion states that plaintiff no longer has any assistance in prison and does not know
28 | anything about expert witnesses (id.), pending before this court is plaintiff's motion for the

appointment of an expert witness (ECF No. 38). The motion is lengthy, typewritten, and thoroughly researched with references to both statutory and case law. (ECF No. 38.) In addition to the motion for appointment of an expert witness, plaintiff has filed several discovery motions (two of which are currently still pending), which are also thoroughly researched. (ECF Nos. 36; 45; 46.) Thus, the record in this case demonstrates that plaintiff either still does have the benefit of jailhouse lawyers or that he was able to navigate the issue sufficiently to prepare such motions.

Second, more recently, defendants have filed a motion for summary judgment. (ECF No. 44.) Without the benefit of appointed counsel, plaintiff has managed to submit a thorough, typewritten response in opposition to the motion. (ECF No. 47.) Thus, this further evidences that plaintiff's circumstances remain the same as when Judge Drozd denied his motion previously. Accordingly, the court must reach the same conclusion now as it did then: the motion should be denied without prejudice.

As a final note, plaintiff's motion references correspondences that plaintiff had with a private attorney, Elizabeth A. Bumer. (ECF No. 31 at 4, 14.) The correspondence indicates that Attorney Bumer is "interested" in the case, and so plaintiff requests that the court consider her interest in the case in deciding the motion. (~~Id.~~) The court declines to do so.

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's renewed motion for appointment of counsel (ECF No. 31) is denied without prejudice.

Dated: January 18, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / moor1232.mta