1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN MOORE,                              No.  2:14-cv-1232 TLN DB

12                  Plaintiff,

13        v.                                   ORDER

14   PARSONS, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation

19   of the Eighth Amendment.  The matter was referred to a United States Magistrate Judge pursuant

20   to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Before the court is plaintiff's motion for the

21   appointment of an expert witness pursuant to Federal Rule of Civil Procedure 706(a) to testify

22   concerning the effect of neuropathy from diabetes on his body.  (ECF No. 38.)  For the reasons

23   outlined below, the motion is denied.

24        An expert witness may testify to help the trier of fact determine the evidence or a fact at

25   issue.  Fed. R. Evid. 702.  Federal courts have discretion to appoint expert witnesses, and parties

26   may name witnesses to appoint.  Fed. R. Evid. 706(a),(d); Walker v. American Home Shield

27   Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Although there is no definite

28   rule to guide discretion, "[a]ppointment [of expert witnesses] may be appropriate when

                                        1

1  'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

2  evidence or decide a fact in issue[.]'" Levi v. Director of Corrections, No.

3  CIVS020910LKKKJMP, 2006 WL 845733 (E.D.Cal. Mar. 31, 2006) (citing Ledford v. Sullivan,

4  105 F.3d 354, 358-59 (7th Cir. 1997)).

5       Although plaintiff is proceeding in forma pauperis, the court is not required to pay for an

6  appointed, non-neutral expert.  The in forma pauperis statute, 28 U.S.C. § 1915, does not waive

7  the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights

8  action.  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  Moreover, "[r]easonably construed,

9  [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one

10 of the parties."  Walker v. Woodford, 2008 WL 793413 (S.D.Cal., Mar. 24, 2008) (citation

11 omitted).  Federal Rule of Evidence 706(a) only allows a court to appoint a neutral expert.  See In

12 re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002).

13      What is at issue in this case is whether the defendants acted with deliberate indifference to

14 plaintiff's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1983).

15          Medical malpractice does not become a constitutional violation merely because the
16      victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege
        acts or omissions sufficiently harmful to evidence deliberate indifference to
17      serious medical needs.  It is only such indifference that can offend "evolving
        standards of decency" in violation of the Eighth Amendment.
18

19 Id. at 106.  Accordingly, a court must consider the seriousness of the prisoner's medical need and

20 the nature of the defendant's response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th

21 Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

22 1133, 1136 (9th Cir. 1997).  Deliberate indifference thus has a subjective component.

23      In Ledford v. Sullivan, the Seventh Circuit found that in light of the subjective element of

24 deliberate indifference, there was no error in the court's refusal to appoint an independent expert.

25 105 F.3d 354, 358-59 (7th Cir.1997).

26 ////

27 ////

28 ////

2

Because the test for deliberate indifference is more closely akin to criminal law than to tort law, the question of whether the prison officials displayed deliberate indifference to Ledford's serious medical needs did not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care.

Ledford, 105 F.3d at 359.

Plaintiff asserts an expert is necessary to provide testimony about the effect of neuropathy from diabetes on all parts of the body to determine whether defendants' alleged deliberate indifference resulted in plaintiff's injury.  (ECF No. 38 at 2.)  Plaintiff's proposed line of inquiry is more akin to a malpractice claim than to one of deliberate indifference.  In this action for deliberate indifference to serious medical needs, it is unnecessary for "the jury [to] consider probing, complex questions concerning medical diagnosis and judgment." Ledford, 105 F.3d at 359; see also Levi, 2006 WL 845733, *1 (appointment of medical expert is not necessary in a deliberate indifference action where the plaintiff's proposed line of questioning for the expert is more germane to a malpractice claim); Torbert v. Gore, No.: 14cv2911 BEN (NLS), 2016 WL 3460262, *2 (S.D. Cal. June 23, 2016) (denying motion to appoint medical expert in a deliberate indifference action because such an action does not require the fact finder to address complex questions concerning medical diagnosis and judgment).  Accordingly, the undersigned declines to appoint an expert.

IT IS HEREBY ORDERED that plaintiff's motion for appointment of an expert witness (ECF No. 38) is denied without prejudice.

Dated:  March 21, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / moor1232.expert

3