UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-1232 TLN DB P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has made the following requests of the court: (1) that it waive costs for the notarization of documents that he files with the court (ECF No. 54); (2) that it issue a scheduling order that permits the calendaring of a scheduling conference (ECF No. 62), and (3), that he be appointed counsel for any future settlement conference (ECF Nos. 58, 61, and 62).

　　　　Plaintiff has requested that the court waive costs for the notarization of documents that he files with the court given that he has been granted in forma pauperis status. (ECF No. 54). However, "the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents [or] service of documents other than the complaint." Porter v. Dept. of Treasury, 564 F.3d 176, n.3 (3rd Cir. 2009) (brackets added) (citing 28 U.S.C. § 1915(f)(1)); Beckely v. Raith, No. C 13-02707 WHA, 2013 WL 5568237 (N.D. Cal. October 9, 2013) (citing Porter). Consequently, plaintiff's fee waiver request is denied.

////

1

Plaintiff has also requested that the court issue a scheduling order that permits the calendaring of a settlement conference. (ECF No. 62). In support of this request, plaintiff indicates that on September 20, 2017, counsel for defendants contacted him with a settlement offer which he rejected. (Id. at 2). In light of these facts, it appears that both parties may be amenable to the option of settlement of this case. Therefore, within 10 days of receipt of this order, defense counsel is ordered to indicate to the court whether defendants believe a formal settlement conference is warranted at this time.

Plaintiff has also renewed his request for appointment of counsel several times. Specifically, plaintiff has requested appointment of counsel for any future settlement conference proceedings that may be scheduled by the court. (ECF Nos. 58, 61, and 62). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

From a procedural perspective, plaintiff's requests for counsel during future settlement conference proceedings are premature given that both parties have yet to formally agree to settlement proceedings. In addition, from a substantive perspective, plaintiff has not provided any reasons in support of his renewed requests for appointment of counsel. As a result, the court is unable to assess whether exceptional circumstances exist that would warrant such an appointment. Moreover, to date, plaintiff has been able to articulate his claims pro se in light of the complexity of the issues involved. For these reasons, plaintiff's motions for the appointment of counsel during any future settlement proceedings are denied without prejudice.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to waive notarization fees for documents to be filed with the court (ECF No. 54) is denied;

2. Plaintiff's motion requesting the issuance of a scheduling order that permits the calendaring of a settlement conference (ECF No. 62) is denied without prejudice;

3. Plaintiff's motions for the appointment of counsel during settlement proceedings (ECF Nos. 58, 61 and 62) are denied without prejudice, and

4. Within 10 days of receipt of this order, defense counsel shall file a statement informing the court whether defendants believe a settlement conference is warranted at this time.

Dated: November 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/moor1232.31(2)