UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>PRICE, et al.,<br><br>    Defendants. | No. 2:14-cv-1232 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 4, 2018, plaintiff filed a motion for a "status conference" in this court pursuant to "Rule 16(d)," "Local Rule 16-240(a)," and "Rule 1-101-(1)." (See ECF No. 68). Each of these citations are either unclear or do not support plaintiff's request. Therefore, construing the motion liberally, the court will interpret plaintiff's citation to "L.R.-16-240" as a general reference to both Local Rule 240 and to Federal Rule of Civil Procedure 16, which permit the holding of pre-trial conferences and status conferences, respectively. See Fed. R. Civ. P. 16(a); L.R. 240(a); see also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (stating pro se plaintiff's pleading held to less stringent standards than those drafted by lawyers); see also Draper v. Coombs, 792

1

| | |
|---|---|
| 1 | F.2d 915, 924 (9th Cir. 1986) (providing "great leniency" when evaluating pro se plaintiff's |
| 2 | compliance with technical rules of civil procedure).  In so doing, for the reasons stated below, the |
| 3 | motion will be denied as moot. |

On November 13, 2017, in response to an order issued by this court (see ECF No. 63), defense counsel filed a declaration stating that she had informally discussed settlement with plaintiff and that she believed that a settlement conference would be beneficial to the parties prior to setting the case for trial. (See ECF No. 64 at 2). In December 2017, plaintiff filed a request for a settlement conference as well as a status update on that request. (See ECF Nos. 66, 67). Thereafter, plaintiff filed the instant motion in January 2018. (ECF No. 68). In it, plaintiff does not provide any reasons in support of his request for a status conference. He simply states that he is "prepared to go to trial if the Defendants choose not to settle this case." (Id.).

On January 25, 2018, the court issued an order scheduling a settlement conference for the parties on March 8, 2018 at 1:00 p.m. (ECF No. 70). At that time, an order directing plaintiff's custodian to produce him in this court on that date was also issued. (See ECF No. 71). To date, neither party has contested either the conference date or its settlement content. Therefore, it is presumed that both parties are still willing to attempt to settle this case and that there is no current need to schedule the status conference plaintiff has requested.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a status conference (ECF No. 68) is DENIED as moot.

The settlement conference currently scheduled for March 8, 2018 (see ECF No. 70) will proceed as planned.

Dated: February 15, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/moor1232.stat.conf.req .rev